**Gladys BREZINA, Plaintiff,**

v.

**Colleen DOWDALL, Individually and in her capacity as Executive Director of the Dupage County Housing Authority, and the Dupage County Housing Authority, Defendants.**

**No. 79C1309.**

United States District Court,
N. D. Illinois, E. D.

June 28, 1979.

Leslie Robbins, Wheaton, Ill., for plaintiff.

Hartman E. Stime, Dale W. Bruckner, Peregrine, Stime & Newman, Ltd., Wheaton, Ill., for defendants.

## MEMORANDUM OPINION

MAROVITZ, Senior District Judge.

### Motion to Dismiss

Plaintiff Gladys Brezina brings this action under 42 U.S.C. § 1983, seeking declaratory and injunctive relief and money damages. Defendants are Colleen Dowdall, Executive Director of the DuPage County Housing Authority, and the DuPage County Housing Authority (hereinafter, the "Public Housing Authority" or "PHA"). Plaintiff alleges, *inter alia,* that she was denied due process of law when the PHA denied her request for continuing participation under the United States Housing Act of 1937; 42 U.S.C. § 1437f (the "Act") and 24 C.F.R. § 882.209(e)(1), promulgated under the Act.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. Pending before the Court is defendants'

motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6), Fed.R.Civ.P. For the reasons set forth below, defendants' motion is denied.

Plaintiff is a 67 year-old resident of DuPage County, Illinois. Defendant DuPage County Housing Authority was created pursuant to Ill.Rev.Stat. (1977) ch. 67½, §§ 1, *et seq.*, to provide or assist in providing safe, decent, sanitary housing for the benefit of DuPage County residents. As a Public Housing Authority, it receives funds from the federal Department of Housing and Urban Development ("HUD") and is obliged to adhere to rules and regulations promulgated by HUD under 42 U.S.C. § 1437f.

In August 1977, plaintiff applied to the PHA for certain benefits. She was found to meet the eligibility requirements under the Act and its regulations. On August 25, 1977, the PHA issued plaintiff a Certificate of Family Participation, which authorized her to receive housing assistance payments if she entered into a lease within 60 days. On September 1, 1977, plaintiff entered into a lease for an apartment. She received payments of $173 from the PHA to assist her to meet her $200 per month rent.

On August 18, 1978, the PHA orally informed plaintiff that her housing assistance payments would terminate upon the expiration of her lease on August 31, 1978. Plaintiff alleges that she requested continuation of her benefits to enable her to obtain other housing, pursuant to 24 C.F.R. § 882.209(e). Without written notice or hearing, the PHA allegedly denied plaintiff continued benefits. Plaintiff alleges that without housing assistance payments, she cannot afford private housing.

## DISCUSSION

Defendants argue that plaintiff fails to allege that she had submitted a written, signed application for a Certificate of Family Participation, as required by 24 C.F.R. § 882.209(a)(3). Therefore, defendants contend, plaintiff fails to state a claim that she was wrongfully denied benefits under 24 C.F.R. § 882.209(e). The gist of defendants'

argument is that because plaintiff failed to comply with the procedural requirements for applying for housing assistance payments, therefore waiving any property right she may have had in the benefits, due process was not required for their denial. Plaintiff, on the other hand, argues that plaintiff's complaint alleges compliance with 24 C.F.R. § 882.209(e).

24 C.F.R. § 882.209(a)(3), relied upon by defendants, provides that "[e]very applicant for a Certificate shall complete and sign the form of application prescribed by HUD." 24 C.F.R. § 882.209(e)(1) provides in pertinent part:

If an assisted Family notifies the PHA that it wishes to obtain another Certificate of Family Participation for the purpose of finding another dwelling unit within the area in which the PHA has determined that it is able to enter into Contracts or that it has found another such unit to which it wishes to move, the PHA shall . . . issue another Certificate or process a Request for Lease Approval, as the case may be, . . .

It is clear that plaintiff does not allege that she completed and signed the form of application prescribed by HUD for obtaining another Certificate of Family Participation. It is not clear, however, that the subsection of the regulation requiring formal applications [(a)(3)] applies to subsection (e)(1), which specifies only that an assisted family "notify" the PHA for continuing participation. We therefore look to the purpose of the Act and its regulations to interpret § 882.209.

42 U.S.C. § 1437f(a) provides:

For the purpose of aiding lower-income families in obtaining a decent place to live and of promoting economically mixed housing, assistance payments may be made with respect to existing, newly constructed, and substantially rehabilitated housing in accordance with the provisions of this section.

24 C.F.R. § 882.101(a)(1) provides:

The policies and procedures contained herein are applicable to the making of Housing Assistance Payments on Behalf

of Eligible Families Leasing Existing Housing pursuant to the provisions of section 8 of the U.S. Housing Act of 1937 ("Act").

 It is apparent, from the statutory language and the regulations promulgated to effect the Act, that the purpose of the Act is to enable poor and elderly persons, like plaintiff, to take full advantage of housing assistance offered by the federal government. The stated purpose of the Act compels this Court to look beyond a strict interpretation of the formal requirements of the regulations.

Although defendant is correct that plaintiff fails to allege that she applied for a new Certificate, plaintiff does allege that she notified the PHA that she sought continuation of benefits to enable her to obtain other housing. The pleadings and memoranda are silent as to the method plaintiff employed in making her alleged § 882.209(e) request. We cannot hold, however, that plaintiff's failure to utter the words "new certificate" precludes her from receiving the benefits which she requested. If, when she made her request, plaintiff was not informed that a formal application was required, then we must conclude that the defendant agency was remiss in its duty to effect the purpose of the Act. If, on the other hand, plaintiff was reasonably informed of the procedural requirements under the regulations, and she nonetheless failed to comply, we must then agree with defendants that plaintiff made a knowing waiver of any property right she may have had in continued benefits. This question of fact, however, cannot be decided on a motion to dismiss. Suffice to say that plaintiff alleges substantial compliance with the regulations by alleging that she requested continuing benefits under 882.209(e).[1]

Having concluded that plaintiff alleges that she requested continuation of benefits for which she qualified, we find no question that she was entitled to some due process before defendants could deny her the continued benefits. The regulations provide that a recipient who notifies the PHA that he or she wishes to obtain another certificate of family participation for the purpose of finding another dwelling will be issued a certificate by the PHA. 24 C.F.R. § 882.209(e). If the PHA determines that the recipient is not eligible, on the basis of income or family composition, etc., the regulations provide that recipient with notice and an informal hearing. 24 C.F.R. § 882.209(f). Here, although it seems that plaintiff was denied her continuing benefits because of a procedural problem, she alleges that she received no notice that her § 882.209(e) request was denied, and that she received no hearing.

Assuming that plaintiff did not knowingly waive her right to receive benefits under § 882.209(e), both HUD's regulations and the due process clause require that some notice of the PHA's intent to deny her request and some hearing be given plaintiff before continuing benefits can be denied. Benefits like those provided under the Act are a matter of statutory entitlement for persons qualified to receive them, and those persons must receive due process before the benefits are terminated. *Goldberg v. Kelly,* 397 U.S. 254, 261–263, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). Because plaintiff alleges, and defendants do not at this juncture dispute, that she qualifies for continuing benefits, her complaint states a claim under the due process clause.

Accordingly, defendants' motion to dismiss is denied.

---

1. We note that the regulations specifically require HUD to advise and assist a PHA (such as the DuPage County Housing Authority) in preparing an application to federally assisted low income housing programs on behalf of an existing housing project. See, 24 C.F.R. § 882.204. Although such applications are likely to be more complex than that assertedly required of plaintiff, we see no reason why a similar obligation should not be imposed upon a PHA to assure that applicants for Certificates of Family Participation, unschooled in law and the niceties of HUD regulations, could meet the formal procedural requirements for applying for benefits.